# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN J. MURRAY,

     Plaintiff,

                                   Case No. 08-15147

v.                                    Hon. Lawrence P. Zatkoff

TIMOTHY F. GEITHNER and
BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

     Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 2, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' motion for certificate of appealability pursuant to 28 U.S.C. § 1292(b) [dkt 20]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion is DENIED.

## II. BACKGROUND

The factual underpinnings of this case are adequately discussed in the Court's May 26, 2009, opinion and order [dkt 12] denying Defendants' motion to dismiss and need only be briefly revisited.

Plaintiff alleges in his complaint that Defendants violated the Establishment Clause of the First Amendment to the United States Constitution by appropriating $40 billion, pursuant to the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. § 5201, to financially support the Government's ownership interest in American International Group, Inc. ("AIG"), which used the investment to fund its Shariah-compliant Takaful Insurance financing program.

Following the Court's denial of their motion to dismiss, Defendants now ask that the Court certify the issue for immediate appeal pursuant to 28 U.S.C. § 1292(b).

### III. LEGAL STANDARD

A district court may certify an issue for interlocutory appeal if it determines that the order presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

### IV. ANALYSIS

Defendants seek an interlocutory appeal of the Court's decision on two grounds: (1) whether Plaintiff has standing to bring his claim; and (2) if so, whether Plaintiff's complaint is sufficient to survive a Rule 12(b)(6) motion to dismiss. The Court will address these issues in turn.

**A. Standing**

In its May 26, 2009, opinion and order, the Court held that Plaintiff enjoyed standing to bring this lawsuit under the Establishment Clause exception to the general rule prohibiting taxpayer

standing as enunciated in *Flast v. Cohen*, 392 U.S. 83 (1968), and its progeny. In its holding, the Court concluded that Plaintiff satisfied both prongs of the *Flast* test, which requires: (1) "establishing a logical link between the status and the type of legislative enactment attacked"; and (2) "establish[ing] a nexus between that status and the precise nature of the constitutional infringement alleged." *Id.* at 102–03.

Defendants posture that a substantial ground for difference of opinion exists as to whether the questioned funds were appropriated pursuant to a legislative enactment or through executive discretionary decisions. In *Hein v. Freedom From Religion Foundation*, 551 U.S. 587 (2007), the Supreme Court held that the plaintiffs did not have taxpayer standing to challenge the President's Faith-Based and Community Initiatives Program, which was enacted pursuant to a Presidential executive order. *See id.* at 435. The Court noted that "[n]o congressional legislation specifically authorized the creation of the White House Office or the Executive Department Centers" and that Congress did not "enact[] any law specifically appropriating money for these entities' activities." *Id.* Rather, the program was "funded through general Executive Branch appropriations." *Id.*

*Hein* clearly precludes standing when a taxpayer challenges a statute generally providing funding to the executive branch. *Accord Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 730–31 (6th Cir. 2009) (Social Security Act funding); *Freedom From Religion Found. v. Nicholson*, 536 F.3d 730 (7th Cir. 2008) (Veterans Health Administration funding). *Hein*, however, did not overrule *Bowen v. Kendrick*, 487 U.S. 589 (1988), in which the Court found that taxpayer standing existed in an as-applied challenge to the Adolescent Family Life Act (AFLA) (*i.e.*, a specific statutory program, rather than a general funding scheme).

Unlike the program in *Hein*, the EESA was enacted by Congress pursuant to the Taxing and

Spending Clause, U.S. Const. Art. 1, § 8, as required by *Flast*. The EESA does not provide funding for general executive operations; rather, it specifically instructs the Secretary to purchase troubled assets from financial institutions. Therefore, the Court finds that the EESA is more akin to the challenged program in *Kendrick* than the general-funding provisions at issue in *Hein*, *Pedreira*, and *Nicholson*.

Defendants also challenge the Court's interpretation of *Hein* insofar as Defendants contend that *Hein* requires that the challenged statute contemplate religious indoctrination. In the May 26, 2009, opinion and order, the Court made the following statement: "In its discussion of *Flast* and *Kendrick*, the *Hein* Court suggests that, for a taxpayer to have standing, the congressional authorization or mandate at issue must imply or contemplate on some level, appropriation of funds to religious groups." The Court later stated that "*Hein*'s retroactive assessment of *Flast* and *Kendrick*, in particular its emphasis on congressional contemplation of religious involvement, does not alter the test this Court must use."

Defendants argue that the Court erred in giving the *Hein dicta* such short shrift. First, they note that the Sixth Circuit follows Supreme Court *dicta* unless there is a substantial reason for disregarding it, citing *United States v. Marlow*, 278 F.3d 581, 588 (6th Cir. 2002). Second, they cite *Nicholson* and *Pedreira* as evidence that a difference of opinion exists as to whether *Hein* requires a congressional implication or contemplation of appropriation to religious groups.

In *Nicholson*, the Seventh Circuit held that a taxpayer did not have standing to challenge the Veterans Health Administration's employment of chaplains to provide pastoral care. 536 F.3d at 745. Relying heavily on *Hein*, the court reasoned that "[w]hereas in *Kendrick*, the challenged congressional action expressly contemplated that funds would be disbursed to religious

organizations, the congressional action here . . . does not contemplate that any funds would be disbursed to support the particular aspects of the Chaplain Service that Freedom From Religion contests." *Id*. at 744–45. Likewise, in a challenge to foster care funding programs, the Sixth Circuit noted that the relevant Social Security programs were "general funding provisions for childcare; they do not contemplate religious indoctrination. . . . the plaintiff's claims are simply too attenuated to form a sufficient nexus between the legislation and the alleged violations. *Pedreira*, 579 F.3d at 731. Defendants argue that since the EESA did not expressly contemplate that funds would be directed to support religious purposes such as Shariah-complaint financing, the required nexus is missing.

The Court does not find Defendants' reading of *Hein* persuasive. The *Hein* Court, by its admission, "le[ft] *Flast* as we found it." *Hein*, 551 U.S. at 448. Defendant has presented no case in which taxpayer standing was denied solely on the basis that the legislative action did not contemplate religious indoctrination. The plaintiffs in *Nicholson* and *Pedreira* failed because they challenged general operating appropriations in clear violation of *Hein*; not because the statute lacked religious contemplation. Moreover, the only court having addressed the issue declined to adopt Defendant's approach. *See Am. Civil Liberties Union of Minn. v. Tarek Ibn Ziyad Acad.*, No. 09-138, 2009 WL 2215072, at *6 (D. Minn. July 21, 2009) ("To the extent that Defendants suggest that a statute must mention religion on its face, the Court disagrees. . . . *Hein* did not overrule *Flast* or *Kendrick*.").[1]

---

[1]Notably, that court denied a subsequent § 1292(b) motion to certify the ruling for appeal. *See Amer. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, No. 09-138, 2009 WL 3152045, at *4 (D. Minn. Sept. 24, 2009).

The Court agrees with the result in *Tarek Ibn Zidyad*, as a requirement of religious contemplation in the challenged statute would eviscerate as-applied challenges under the Establishment Clause, which have expressly been permitted since *Kendrick*. Furthermore, Defendants' proposed interpretation relies entirely on *dicta*. *See, e.g.*, *Hubbell, Inc. v. Pass & Seymour, Inc.*, No. 94 Civ. 7631, 1995 WL 464906, at *2 (S.D.N.Y. Aug. 4, 1995) ("[T]he fact that the parties offer differing interpretations of *dicta* . . . does not compel certification of the question presented in the instant case."). Accordingly, the Court does not find certification appropriate on this basis.

Finally, Defendants argue that the Sixth Circuit's recent opinion in *American Atheists v. City of Detroit Downtown Development Authority*, 567 F.3d 278 (6th Cir. 2009), supports their position. *American Atheists* did not implicate the *Flast* Establishment Clause taxpayer exception; rather, it relied upon the municipal taxpayer exception recognized in *Frothingham v. Mellon*, 262 U.S. 447 (1923). *See Am. Atheists*, 567 F.3d at 286. ("*Flast* and *Hein* have no application here."). Nonetheless, the court responded to arguments made regarding the scope of *Hein*:

> The decision did not erect a new barrier to taxpayer suits; it marked the boundaries of an existing exception to the rule against federal and state taxpayer standing. *Flast v. Cohen* held that the general bar on taxpayer lawsuits did not apply to complaints that congressional appropriations violated the Establishment Clause. *Hein* in turn explained that the *Flast* exception does not extend to suits challenging executive branch expenditures of unearmarked funds. While *Flast* opened the federal-court door to suits attacking Congress's decision to spend money in violation of the Establishment Clause, it never applied (as *Hein* makes clear) to suits attacking decisions by the executive branch.

*Id*. at 285–86. Defendants maintain that the funds implicated here were "unearmarked" as contemplated in *American Atheists* because the EESA does not identify the specific entities that are

to receive aid. Defendants are correct that the funds are unearmarked insofar as the executive branch has a certain amount of discretion in distributing the funds in accordance with the statutory mandate.[2] That is materially different than unearmarked funds that are part of a general operating appropriation, such as the programs in *Hein*, *Nicholson*, and *Pedreira*, where the executive branch has complete discretion in expending the funds. *See Hein*, 551 U.S. at 607–08 (citing *Lincoln v. Vigil*, 508 U.S. 182, 192 (1993)) (allocation of executive branch funding is "an administrative decision traditionally regarded as committed to agency discretion"). Instead, the EESA mirrors the statutory scheme in *Kendrick*, where the executive branch administered a specific legislative program. *See Hein*, 551 U.S. at 630 (Scalia, J. concurring) ("The whole point of the as-applied challenge in *Kendrick* was that the Secretary, not Congress, had chosen inappropriate grant recipients.").

Ultimately, the *Hein* plaintiffs failed "for the simple reason that they can cite no statute whose application they challenge. The best they can do is to point to unspecified, lump-sum 'Congressional budget appropriations' for the general use of the Executive Branch[.]" 551. U.S. at 607. Conversely, Plaintiff has identified a specific legislative act (the EESA), as opposed to a general operating appropriation, enacted by Congress pursuant to Art. 1, § 8 of the Constitution. Plaintiff has also alleged that the congressional action violates the Establishment Clause—a specific

---

[2]A taxpayer, however, would not have standing to challenge whether the executive branch exceeds its statutory mandate, because in that case the taxpayer directly challenges executive-branch discretion, rather than the legislative enactment. *See Texans Against Governmental Waste & Unconstitutional Gov't Conduct v. U.S. Dep't of Treasury*, 619 F. Supp. 2d 274, 280 (N.D. Tex. 2009) (holding taxpayers did not have standing in claim that automobile manufacturers fell outside the EESA definition of "financial institution"). Here, Plaintiff challenges the statutory scheme itself, and the executive branch is merely a conduit for disbursement.

limitation on Congress's powers under the Taxing and Spending Clause. Therefore, Plaintiff has adequately pleaded taxpayer standing for his as-applied challenge to the EESA.

That this is the rare occasion where taxpayer standing is properly invoked, however, does not necessitate a finding that the case is exceptional such that is should be certified for immediate appeal. The Court has faithfully applied established precedent. Defendant's proffered grounds for certification would require the Court to base its determination on *dicta* that has yet to form the basis for a judicial ruling. Therefore, the Court declines to certify the standing issue for appeal.

**B. Motion to Dismiss**

Defendants alternatively challenge the Court's holding that Plaintiff's complaint was sufficient to survive their Rule 12(b)(6) motion to dismiss. Defendants contest many of the factual allegations relied upon by the Court in its May 26, 2009, opinion and order. Defendants again insist that *American Atheists* has changed the legal landscape in relation to their position.

In their argument, however, Defendants lose sight of the § 1292(b) requirements. Defendants argue that a substantial difference of opinion exists on the Court's interpretation and application of the facts presented. Instead, Defendants must identify a controlling *question of law*. The pertinent controlling question of law here is whether Plaintiff's complaint contains allegations such that the right to relief is raised "beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its May 26, 2009, opinion and order, the Court found that Plaintiff's complaint alleged such facts.

Defendants essentially argue that the Court erred in ruling that Plaintiff's complaint sufficed to survive a Rule 12(b)(6) motion. A "substantial ground for difference of opinion" cannot be maintained based solely on Defendants' disagreement with the Court's ruling. *See Hurley v.*

*Deutsche Bank Trust Co. Ams.*, No. 1:08-CV-361, 2009 WL 10673145, at *3 (W.D. Mich. Apr. 21, 2009). If Defendant wished to challenge the Court's conclusion, the proper procedure would have been to file a motion for reconsideration pursuant to E.D. Mich. L.R. 7.1(g). The time period in which to file such a motion, however, had long passed when Defendants filed the current motion. *See* E.D. Mich. L.R. 7.1(g)(1) (motions for reconsideration must be filed within 10 days of the order).

Defendants also produce an array of facts and exhibits to dispel the accuracy of Plaintiff's allegations. In deciding a Rule 12(b)(6) motion, however, the Court is limited to reviewing the allegations contained in Plaintiff's complaint. Defendants' challenges to Plaintiff's factual allegations are properly decided at the summary-judgment stage. Indeed, *American Atheists* involved an appeal at the summary-judgment stage, *see* 567 F.3d at 248, which limits its value to Defendants for the current motion.

Additionally, *American Atheists* applied established Establishment Clause law. It did not purport to add any new wrinkles to Establishment Clause jurisprudence. Defendant has cited no case law that would suggest that substantial grounds for a difference of opinion on the Court's decision exist, which is not surprising considering the unique factual allegations that this case presents.

In sum, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 557). Plaintiff's complaint satisfies this requirement. Therefore, the Court finds that substantial grounds for a difference of opinion do not exist, and it declines to certify the motion to dismiss for interlocutory appeal.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that Defendants'

motion for certificate of appealability [dkt 20] IS DENIED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 2, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on February 2, 2010.


S/Marie E. Verlinde
Case Manager
(810) 984-3290