UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KEVIN J. MURRAY

          Plaintiff,

    -vs-

TIMOTHY F. GEITHNER, Secretary, U.S.
Department of the Treasury, and BOARD OF
GOVERNORS OF THE FEDERAL
RESERVE SYSTEM,

          Defendants.

_____/

CIVIL NO. 08-15147

HON. LAWRENCE P. ZATKOFF
MAG. JUDGE MONA K. MAJZOUB

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF ANSWERS AND OBJECTIONS TO REQUESTS FOR ADMISSION

**ISSUE PRESENTED**

Whether Defendants' objections to twenty-one of Plaintiff's Requests for Admission were justified.

## MOST PERTINENT AUTHORITY

Fed. R. Civ. P. 36

*United States v. Petroff-Kline*, 557 F.3d 285 (6th Cir. 2009)

*Great No. Ins. Co. v. Altmans Prods. LLC*, Case No. 08-cv-10395, 2008 WL 3852168 (E.D.

     Mich. Aug. 18, 2008)

*Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234

     F.R.D. 1 (D.D.C. 2006)

**INTRODUCTION**

Plaintiff's motion to determine the sufficiency of Defendants' objections to twenty-one of the one hundred and eighty-two requests for admission Plaintiff served on Defendants should be denied.  Plaintiff's motion is based on the mistaken assumption that Fed. R. Civ. P. 36(a) requires Defendants to admit or deny Plaintiff's interpretation of federal statutes, Plaintiff's theological propositions, and Plaintiff's theories regarding the legality of transactions (both actual and hypothetical) that have no bearing on the only question at issue in this case: whether the Secretary of the Treasury's purchase of preferred stock from American International Group, Inc. ("AIG") pursuant to the Emergency Economic Stabilization Act of 2008 ("EESA") has the purpose or primary effect of advancing religion.  But requests for admission may not seek confirmation of legal or theological conclusions, nor may they seek confirmation of matters irrelevant to any claim or defense, and Defendants' objections to such requests for admission are proper.

In addition, many of Defendants' objections recited in Plaintiff's motion were based on the vague and/or argumentative nature of the request.  A request for admission is objectionable if the party expected to respond to the request cannot determine the meaning of terms used in the request, or if the request includes adjectives so inherently subjective and argumentative that a proper response is not possible.  Plaintiff's motion does not contend that Defendant's objections based on the vague or argumentative nature of his requests are improper, and many of the objections recited in Plaintiff's motion can be upheld on this independent basis alone.

Finally, Plaintiff's motion incorrectly suggests that the Court may deem any of the requests objected to by Defendants admitted if it finds that the objection was unjustified.  But Fed. R. Civ. P. 36 does not permit the Court to deem admitted a request when it finds that an objection was not justified; it merely requires that the Court "order that an answer be served."

Fed. R. Civ. P. 36(a)(6).  Accordingly, even if the Court were to find any of Defendants'
objections unjustified—and it should not—the proper remedy would be to order Defendants to
admit or deny the request.

**ARGUMENT**

Plaintiff served 182 requests for admission upon Defendants, asking Defendants to admit
or deny virtually every allegation contained in Plaintiff's Amended Complaint.  *See* Pl. Mot. at 2
& n. 2 ("Each requested admission relates to an allegation set forth in the amended complaint.").
In their responses, Defendants objected "to the sheer volume of these Requests for Admission as
unduly burdensome, particularly given the fact that most of these Requests are objectionable."
*See* Treasury Responses to Requests for Admission, General Objection #6 (attached as Exhibit
A).  Although Defendants responded to each request without waiving this objection, courts
routinely excuse parties from responding to requests that are unduly burdensome.  *See* Fed. R.
Civ. P. 26(b)(2)(C)(i); *see also Taylor v. Great Lakes Waste Servs.*, Case No. 06-cv12312, 2007
WL 422036, at *3 (E.D. Mich. Feb. 2, 2007) (limiting parties to 25 requests for admission).
"Moreover, it is improper for a plaintiff to 're-serve the complaint in the form of a request for
admissions' in order to require a defendant to admit or deny nearly every paragraph of a
complaint a defendant has already answered."  7 Moore's Fed. Practice § 36.10[7] (3d ed. 2009)
(quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002)).  Thus, Plaintiff's
requests represent a clear abuse of Fed. R. Civ. P. 36., and the Court could deny Plaintiff's
motion on this ground alone, without examining the individual requests.  But Plaintiff's motion
should also be denied because each of Defendants' objections was a proper response to a
demonstrably improper request for admission.

**A.     Defendants Properly Objected to Requests Seeking Legal Conclusions**

Defendants objected to several of the requests for admission recited in Plaintiff's brief on the ground that they seek legal conclusions.  As the Sixth Circuit recently explained, although "[r]equests for admission may relate to the application of law to fact[,] [s]uch requests should not be confused with pure requests for opinion of law, which are not contemplated by the rule." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting *Moore's Federal Practice* § 36.10[8] (3d ed. 2008)).  "Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36."  *Id.*  This Court has expanded upon this distinction, stating that requests that are "couched" in factual terms are still improper if "the substantive issue in each Request for Admission is a legal conclusion."  *Great No. Ins. Co. v. Altmans Prods. LLC*, Case No. 08-cv-10395, 2008 WL 3852168, at *2 (E.D. Mich. Aug. 18, 2008);[1] *see also Vaden v. Summerhill*, Case No. 06-cv-1836, 2008 WL 822152, at *2 (E.D. Cal. Mar. 27, 2008) ("[R]equests for admission should not be used . . . to 'demand that the other party admit the truth of a legal conclusion,' even if the conclusion is 'attached to operative facts.'") (quoting *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006)); *Lakehead Pipeline Co., Inc. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997) ("[A] request for admission which involves a pure matter of law, that is, requests for admissions of law which are related to the facts of the case, are considered to be inappropriate.") (citing cases).

---

[1]  In *Altmans Prods.*, the Court held that the following requests improperly sought legal conclusions: (1) "The faucet was negligently and/or incorrectly installed"; (2) "Subrogors or others misused and/or abused the faucet"; (3) "Precision Brass did not cause the subject incident"; (4) "Plaintiff has no evidence that the damages allegedly sustained by Plaintiff were caused or contributed to by the actions or conduct of Precision Brass"; (5) "No expert retained or consulted by Plaintiff has concluded that Precision Brass' alleged conduct with respect to the faucet was negligent"; and (6) "There is no expert opinion which supports the conclusion that Precision Brass' alleged negligence caused or contributed to the incident".  *Id.* at *2 & n.3.

Accordingly, requests for admission that ask a party to admit or deny the requesting party's interpretation of a statute—even if the statute is at issue in the litigation—are improper. For example, in *Disability Rights Council*, the district court held that requests to admit "whether or not various things are required by the ADA, the Rehabilitation Act, and the FTA regulations and guidelines" were improperly seeking legal conclusions. *Disability Rights Council*, 234 F.R.D. at 2-3. Likewise, in *Taylor*, this Court found that a request to "admit that Defendant did not violate Plaintiff's rights by granting her FMLA protected leave" improperly sought a legal conclusion. *Taylor*, 2007 WL 422036, at *2. Indeed, this Court has held that requests that are framed in factual terms, but employ legally-significant terms, nonetheless improperly seek legal conclusions. *See Dobrowski v. Jay Dee Contractors*, Case No. 07-cv-13267, 2008 WL 2157061 at *2 (E.D. Mich. May 21, 2008) (holding that a request to "admit that 'the serious health condition sustained by Daniel Dobrowski is medically intractable epilepsy' . . . . does seek a legal conclusion by using the [legally-significant] term 'serious health condition[,]'" and that a request to admit that "[defendant] has no evidence that [Plaintiff] could not perform the essential functions of a staff engineer" seeks a legal conclusion because "[t]he phrase 'unable to perform an essential function of the position' is a legal term used in the FMLA regulations.").

The vast majority of the requests recited in Plaintiff's motion ask Defendants to confirm Plaintiff's interpretations of the Secretary's authority (or lack of authority) under the EESA.[2]

_____

[2] *See* Request No. 4 ("Defendant Geithner is charged by Congress with Administering the Act, including TARP."); Request No. 8 ("The Act is an express congressional mandate and a specific congressional appropriation to expend taxpayer funds."); Request No. 10 ("The Act authorizes Defendant Geithner to establish TARP 'to purchase, and to make fund commitments to purchase, troubled assets from any financial institution.'"); Request No. 14 ("The taxpayer funds appropriated pursuant to the Act may not be used at the sole discretion of Defendant Giethner."); Request No. 15 ("The taxpayer funds appropriated pursuant to the Act are not general appropriations provided to the Executive Branch to support its day-to-day activities."); Request No. 22 ("Pursuant to the Act, Congress authorized the Secretary, U.S. Department of Treasury, to expend taxpayer funds to support the operation of AIG."); Request No. 23 ("The

Responding to these requests would not—as Plaintiff argues—involve "the application of law to fact."  Pl. Mot. at 7-8.  Instead, these requests could be answered by simply reading and interpreting various provisions of the EESA.  As a result, these requests are clearly improper, and Defendants' objections are well-founded.

In addition, many of Plaintiff's requests seek legal conclusions regarding matters that are not even relevant to his as-applied challenge to the EESA, including requests relating to the validity and terms of a trust formed by the Federal Reserve Bank of New York ("FRBNY"),[3] and requests relating to the FRBNY's and Federal Reserve Board's legal authority under the Federal Reserve Act.[4]  These requests also improperly seek legal conclusions.  *See, e.g., Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D. Ind. 1990) ("[W]hether a patent is valid calls for a legal conclusion although its answer may depend upon factual inquiries.") (citing cases); *Disability Rights Council*, 234 F.R.D. at 2-3.  But even if the Court were to construe these requests as relating to the application of law to fact, they are still

_____

Act does not require Defendant Geithner, the Fed, or any other officer or agency of the U.S. Government to police the expenditure of taxpayer funds to ensure that they are not being used to fund businesses proving Shariah-compliant financial products."); Request No. 24 ("The Act does not provide any mechanism by which the U.S. Government or its agents, including Defendant, could police the expenditure of taxpayer funds to businesses providing Shariah-compliant financial products."); Request No. 28 ("The Act authorized the use of federal taxpayer funds to financially support the operations of AIG to prevent AIG's collapse."); Request No. 34 ("Pursuant to the Act, Congress, through the Secretary, U.S. Department of Treasury, authorized the expenditure of $40 billion in TARP funds to AIG.").

[3]  *See* Request No. 49 ("The U.S. Treasury is not a valid beneficiary for the Trust because it is not an entity, government body, agency, or department capable of acquiring a legal or beneficial interest in any asset."); Request No. 181 ("The Credit Facility Trust is invalid."); Request No. 182 ("The Credit Facility Trust is illegal.").

[4]  *See* Request No. 62 ("The Fed maintains ultimate discretion and authority over the powers, terms, and existence of the Trust."); Request No. 180 ("At the time of the creation of the Credit Facility, the Fed, through the FRBNY, was able to buy AIG-held securities or assets through loans to off-balance sheet special purpose vehicles ("SPVs") such as Maiden Lane II and III, which provided AIG liquidity without adding debt to AIG's balance sheet.").

improper because "requests for admission of law unrelated to facts of the case are not authorized by Rule 36."  7 Moore's Fed. Practice § 36.10[8] (3d ed. 2009); *see also F.T.C. v. Think All Pub., L.L.C.*, Case No. 07-cv-011, 2008 WL 687456, at *2 (E.D. Tex. Mar. 11, 2008) (sustaining objection to request to admit irrelevant facts); *E.E.O.C. v. TruGreen Ltd. P'ship*, 185 F.R.D. 552, 553 (W.D. Wisc. 1998) (same); *Workman v. Chinchinian*, 807 F. Supp. 634, 648 (E.D. Wash. 1992) (same).  The FRBNY is not a party to this litigation, and Plaintiff has not challenged the constitutionality of the Federal Reserve Act, or any actions taken pursuant to the Federal Reserve Act, including the FRBNY's creation of the AIG Credit Facility Trust.  Answers to these requests would not eliminate issues for trial, because the issues raised by these requests have no bearing on whether the EESA, as applied to the Secretary's purchase of AIG preferred stock, has had the primary effect of advancing religion.[5]  As a result, these requests, which seek legal conclusions about irrelevant issues, are clearly improper.

Plaintiff's Request No. 19 asks Defendants to admit that "Takaful insurance is an example of a Shariah-compliant financial product."  Fed. R. Civ. P. 36 does not require Defendants' to admit or deny the meaning of religious terms.  A theological proposition is not an issue of fact or the application of law to fact and is not susceptible to admission or denial, especially by federal government agencies or officials.  As a result, Plaintiff's request is improper and Defendants' objection is justified.  *Cf. Kendrick v. Sullivan*, Case No. 83-cv-3175, 1992 WL 119125, at *4 (D.D.C. May 15, 1992) (sustaining objections to requests to admit "whether a grantee project has taught or promoted religion or had religious content on the ground that the admission calls for a legal conclusion.").

---

[5]  For an extended discussion of why the legal issues raised by these requests are irrelevant, *see* Defendants' Opposition to Plaintiff's Motion to Compel the Testimony of Defendant Timothy F. Geithner (Docket #35), at pp. 10-12; Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for a Protective Order (Docket #43), at pp. 1-4.

Finally, several of Plaintiff's requests ask Defendants to confirm its legal conclusions regarding the legality of a series of hypothetical—and wildly speculative—actions he apparently believes could be taken by the U.S. Government or the trustees of the AIG Credit Facility Trust.[6] These requests are objectionable on several grounds. Although these requests are vaguely worded in that they do not explain how the Government or Trustees could take these actions, it appears that Plaintiff is seeking to confirm his speculative legal theories about hypothetical events that have not occurred, and are unlikely to occur. This is clearly improper. "[A] request for admission based on an application of law to a hypothetical set of facts is improper." 7 Moore's Fed. Practice § 36.10[8] (3d ed. 2009) (citing *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997)). Accordingly, Defendants' objections to these requests should be sustained.

**B.     Defendants Properly Objected to Plaintiff's Requests As Argumentative, Ambiguous, and Vague**

Defendants also objected to several of the requests for admission recited in Plaintiff's motion on the grounds that they are argumentative, vague or ambiguous.[7] Plaintiff has failed to dispute the propriety of Defendants' objections to these requests and, even assuming he did,

---

[6] *See* Request No. 102 ("The U.S. Government could unilaterally alter any and all agreements it had entered into with AIG by forcing a shareholder meeting and the use of a proxy statement or by simply replacing the board with those who would follow its orders (the agreements could also be unilaterally changed to allow the Trustees, the Fed, the U.S. Department of Treasury, or Congress to appoint its own board members."); Request No. 103 ("The Trustees could unilaterally alter any and all agreements it or the U.S. Government had entered into with AIG by forcing a shareholder meeting and the use of a proxy statement or by simply replacing the board with those who would follow its orders (the agreements could also be unilaterally changed to allow the Trustees, the Fed, the U.S. Department of Treasury, or Congress to appoint its own board members.")).

[7] *See, e.g.*, Request No. 40 ("As a result of the expenditure of federal funds, including the expenditure of TARP funds pursuant to the Act, the U.S. government has a vested interest in the success of AIG."); Request No. 41 ("As a result of the expenditure of federal funds, including the expenditure of TARP funds pursuant to the Act, the U.S. Government stands to profit from the success of AIG."); Request No. 85 ("U.S. Government officials are involved in the operations of AIG, which remain under congressional oversight and scrutiny.").

these objections should also be sustained.  "Parties are not required to admit or deny requests that consist of statements that are vague or ambiguous."  7 Moore's Fed. Practice § 36.10[6] (3d ed. 2009) (citing cases).  Requests must be drafted "so that the responding party can easily agree or disagree[,]" *id.*, and requests that are "unclear at best" do not require a response. *See Alli v. Savitz, Estate of*, Case No. 07-cv-10670, 2008 WL 3915147, at *4 & n. 5 (E.D. Mich. Aug. 20, 2008) ("Requests for Admissions must be crafted with specificity.").

The terms employed in these requests are so subjective and the meaning Plaintiff ascribes to them so indefinite that Defendants cannot admit or deny them because there is no way to know what Defendants would be admitting or denying.  For example, it is impossible to know what Plaintiff means by the term "vested interest" or the words "profit" or "success" used in Requests No. 40 and 41.  Likewise, Defendants cannot know what meaning Plaintiff ascribes to the words "involved" or "operations" used in Request No. 85, or indeed, whether by "AIG" Plaintiff is referring to the corporate parent only, or to any or all of its numerous subsidiaries.  Nor is it possible for Defendants to divine what Plaintiff means when it asks Defendants to admit that such "operations" are "under congressional oversight and scrutiny."[8]  Requests like these that employ "words steeped in connotation and meaning far beyond the bare factual information in which they are couched" and "use words that may necessarily be employed to convey a range of meaning" are not proper under Fed. R. Civ. P. 36.  *See Moore v. Rees*, Case No. 06-cv-22, 2007 WL 1035013, at *15-16 (E.D. Ky. Mar. 30, 2007).  Defendants' objections on these grounds are both proper and undisputed and provide an independent basis for denying Plaintiff's motion as it pertains to these requests.

---

[8]  That an official may attend a meeting at the offices of AIG, does not necessarily mean that such an official is "involved in the operations" (a phrase left undefined by Plaintiff) of AIG, notwithstanding Plaintiff's contrary contention.  *See* Pl. Mem. at 6 & n. 3.

**C.      Plaintiff Would Not Be Entitled to Deemed Admissions Even if the Court were to Find Defendants' Objections Unjustified**

Plaintiff ends his brief by asking the Court to "grant his motion and order that the above-stated matters are admitted."  Pl. Mem. at 9.  But, even if the Court were to find an objection to one of Plaintiff's requests unjustified, it would not be proper to deem the request admitted. Rather, if the Court "finds an objection [un]justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6).  A court may only deem an answer admitted if, after the answer has been served, it then finds that the "answer does not comply with th[e] rule."  *Id.*  Thus, as one district court recently explained:

> Once a party has responded to a request with either an answer or an objection, "[t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections."  If the party objected to the request and the court finds that the objection was unjustified, then the court "shall order that an answer be served."  After an answer has been served, if the court finds that the answer does not comply with Rule 36, then it may order that the matter is admitted or that an amended answer be served.

*Disability Rights Council*, 234 F.R.D. at 2 (quoting Fed. R. Civ. P. 36(a)).  Accordingly, even if the Court were to find any of Defendants' objections unjustified—and it should not—the proper response would be to order Defendants to answer.  Because Defendants' objections are justified, the Court need not reach this issue, but should simply deny Plaintiff's motion.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Determine Sufficiency of Answer and Objections to Requests for Admission.

Respectfully submitted,

Dated: April 26, 2010

TONY WEST
Assistant Attorney General

BARBARA L. MCQUADE
United States Attorney

JOHN R. GRIFFITHS
Assistant Director, Federal Programs Branch

s/ *John R. Coleman*
JOHN R. COLEMAN
JULIE STRAUS
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Room 6118
Washington, D.C. 20530
Telephone: (202) 514-4505
Email: John.Coleman3@usdoj.gov

Attorneys for Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 26, 2010, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system, which will send notification of such filing to the

following: Robert J. Muise, David Yerushalmi.

> */s/ John R. Coleman*              
> John R. Coleman
> Trial Attorney, U.S. Department of Justice
> Civil Division, Federal Programs Branch