UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

KEVIN J. MURRAY

        Plaintiff,

   -vs-

TIMOTHY F. GEITHNER, Secretary, U.S. Department of Treasury, and BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM,

        Defendants.

_____/

CIVIL NO. 08-15147

HON. LAWRENCE P. ZATKOFF
MAG. JUDGE MONA K. MAJZOUB

# DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

## ISSUES PRESENTED

I. Whether a document provided to Defendant Department of the Treasury by American International Group, Inc. ("AIG") on Monday, May 7, 2010, after Defendants had completed their search for documents responsive to Plaintiff's discovery request, which was discovered by Defendants' counsel on Friday, June 18, 2010, and provided to Plaintiff pursuant to Fed. R. Civ. P. 26(e) on Monday, June 21, 2010, should be stricken.

II. Whether the Declaration of John T. Fassl, which authenticates the above-referenced document, should be stricken because Fassl was not identified on Defendants' trial witness list.

## MOST PERTINENT AUTHORITY

Fed. R. Civ. P. 26(e)

Fed. R. Civ. P. 37(c)

*Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003)

*Ryder Auto. Carrier Group, Inc. v. Gen. Teamsters Sales & Serv. & Indus. Union Local No. 654*, 1997 WL 540893 (6th Cir. 1997)

## INTRODUCTION

On June 6, 2010, Plaintiff filed a motion for summary judgment in this matter, arguing *inter alia* that American International Group, Inc. ("AIG") is unable to account for the funds provided to it by Defendant United States Department of the Treasury ("Treasury Department") pursuant to a Securities Purchase Agreement dated April 17, 2009 ("Series F SPA"). Pursuant to Section 3.10 of the Series F SPA, however, AIG provides the Treasury Department with just such an accounting in the form of sworn certifications detailing AIG's use of Series F funds. *See* Series F SPA § 3.10 (attached as Exhibit 13 to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment). Plaintiff now seeks to strike the Section 3.10 certification AIG provided Treasury on May 7, 2010 (the "May 7 Certification"), which Defendants relied on to rebut the arguments made in Plaintiff's motion for summary judgment. Plaintiff also moves to strike a declaration that Defendants filed for the sole purpose of authenticating the May 7 Certification. Plaintiff's motion has no basis and should be denied.

## BACKGROUND

The document at issue in the present motion – the May 7 Certification – is a signed certification AIG provided the Treasury Department on May 7, 2010, pursuant to Section 3.10 of the Series F SPA. *See* May 7 Certification (Ex. 12-A to Defs.' Opp. to Pl.'s Mot. for Summ. J.). Section 3.10 provides in pertinent part that AIG will account for its use of the Series F funds and establish internal controls to assure compliance with the expected use of the Series F funds. *See* Ex. 12-A at 27. It further provides that AIG will report to the Treasury Department, on a quarterly basis, the actual use of the Series F funds, and note all instances in which AIG did not comply with the expected use of the Series F funds. *Id.* The accounting required by Section 3.10

1

must be certified as accurate by an AIG senior executive officer and delivered to the Treasury Department. *Id.* The May 7 Certification identifies each of the four drawdowns AIG made of the Series F funds, the various expenditures AIG made on May 13, 2009, August 13, 2009, November 13, 2009, and February 19, 2010, with those Series F funds, and how those actual expenditures compare with AIG's prior written notices dated May 7, 2009, August 6, 2009, November 6, 2009, and February 11, 2010, identifying the contemplated uses of those funds. *See* May 7 Certification; *see also* Exs. 1-K through 1-O to Defs.' Mot. for Summ. J. (Outlines for Drawdown Requests 1 through 4 and Series F Actual Use of Funds). As set forth in Defendants' submissions in support of their motion for summary judgment and in opposition to Plaintiff's motion for summary judgment, the May 7 Certification further establishes that none of the Series F funds have been diverted to support the sale of shariah-compliant products. *See* Defs.' Opp. to Pl.'s Mot. for Summ. J. at 4; *see also* Series F Actual Use of Funds (attached as Ex. 1-O to Defs.' Mot. for Summ. J.).

     Defendants provided over five thousand pages of documents in response to Plaintiff's July 14, 2009 request for production of documents. These documents were discovered through searches conducted immediately after Plaintiff served his discovery request, and again after Plaintiff filed his Amended Complaint. The final searches were completed far enough in advance of the May 15, 2010 discovery deadline to enable counsel to review the documents for privilege and to produce the final group of documents to Plaintiff by May 11, 2010.[1] The May 7

---

[1] In a letter accompanying Defendants' May 11, 2010 production of responsive records, counsel for Defendants stated that "Defendants have now completed their search for documents relevant to the Series F transactions and the attached documents constitute Defendants' final production in response to Plaintiff's First Request for Production of Documents." *See* May 11, 2010 Letter from Straus to Yerushalmi and Muise (Ex. 1 to Pl. Mot.). Counsel for Defendants also stated,

Certification, however, was received by the Treasury Department after Defendants had concluded their search for records responsive to Plaintiff's July 14, 2009 request for documents. As a result, Defendants did not discover the May 7 Certification prior to either the end of the discovery period or the June 6, 2010 deadline for dispositive motions. It was not until Plaintiff filed his motion for summary judgment that the relevance of Section 3.10 and its certification requirement became apparent to Defendants. In his motion for summary judgment, Plaintiff simply ignored documents that Defendants produced detailing AIG's actual use of the Series F funds, *see, e.g.,* Series F Actual Use of Funds (attached as Ex. 1-O to Defs.' Mot. for Summ. J.), and instead argued that AIG could not account for how it spent these funds. In preparing Defendants' response to this argument, counsel for Defendants noticed that beyond the periodic accountings AIG provided to the Treasury Department, *see, e.g.*, *id.*, Section 3.10 of the Series F SPA specifically required that AIG provide signed certifications further accounting for its use of funds.[2]

In order to meet its obligations under Federal Rule of Civil Procedure 26(e), and to

---

however, that "*In accordance with Defendants' continuing obligation under Rule 26(e), should Defendants locate any additional documents responsive to Plaintiff's First Request for Production of Documents, Defendants will produce such documents, subject to the objections set forth in Defendants' Responses to Plaintiff's First Request for Production of Documents, once they have been identified and reviewed for privilege and for information subject to the protective orders entered in this case.*" *Id.* (emphasis added). Plaintiff has never challenged the adequacy of Defendants' response to his request for documents, and the time for doing so has long since passed. *See* Scheduling Order (Doc. No. 19).

[2] This provision had presumably also escaped Plaintiff's notice. Although the terms of the Series F SPA, including the requirement that AIG provide Section 3.10 certifications to the Treasury Department, have been available to the public since April 2009, Plaintiff never asked for these certifications from the Treasury Department, despite the fact that they had not been discovered during Defendants' multiple searches for responsive records and therefore not produced.

3

provide additional evidence to rebut Plaintiff's argument, counsel for Defendants asked the Treasury Department to locate the most recent Section 3.10 certification. This document, as well as less recent Section 3.10 certifications, were received by counsel for Defendants on the evening of Friday, June 18, 2010, and provided to counsel for Plaintiff on the morning of Monday, June 21, 2010, well in advance of the deadline for Plaintiff's opposition to Defendants' Motion for Summary Judgment. *See* Pl. Mot. at 2.

## ARGUMENT

**I.  Defendants' Production of the Section 3.10 Certification Complied with Federal Rule of Civil Procedure 26(e) and, in Any Event, Was Substantially Justified and Harmless.**

Federal Rule of Civil Procedure 37(c), pursuant to which Plaintiff brings his motion, states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, Rule 37(c) is not even implicated because Defendants fully complied with their duty to supplement under Rule 26(e). Moreover, even assuming *arguendo* that Plaintiff could demonstrate that Defendants' production of the May 7 Certification violated Rule 26(e) in some manner, any possible violation was both substantially justified and harmless. Accordingly, Plaintiff's motion to strike the May 7 Certification from the record should be denied.

**A.  Defendants Fully Complied with Fed. R. Civ. P. 26(e).**

Under Rule 26(e)(1)(A), a party must supplement its document production "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete." *See* Fed. R. Civ. P. 26(e)(1)(A). Defendants properly acknowledged this obligation when making

4

what Defendants believed to be their final production of documents.  *See* Ex. 1 to Pl.'s Mot. (letter from Straus to Yerushalmi and Muise (May 11, 2010) (stating "should Defendants locate any additional documents responsive to Plaintiff's First Request for Production of Documents, Defendants will produce such documents").  That is precisely what happened with respect to the May 7 Certification.

Indeed, although the Advisory Note to the 1993 Amendments to Rule 26(e) states that "[s]upplementations need not be made as each new item of information is learned," *see* Fed. R. Civ. P. 26(e) advisory committee's note (1993 Amendments), Defendants supplemented their discovery response immediately upon becoming aware of additional documents responsive to Plaintiff's request.  *See* Background, *supra*, and Pl.'s Mot. at 2 (quoting email from Coleman to Yerushalmi and Muise (June 21, 2010)).  Moreover, Defendants provided the supplemental response to Plaintiff one week before the parties' respective responses to their cross-motions for summary judgment were due, three weeks before the parties' replies were due, and more than five months prior to the trial date.  Because Defendants fully complied with Rule 26(e) in supplementing their discovery responses and, therefore, did not "fail[] to provide information or identify a witness as required by Rule . . . [26](e)," *see* Fed. R. Civ. P. 37(c), there is no basis for striking those supplemental responses, and Plaintiff's motion must be denied.

**B.     Any Delay Was Substantially Justified and Harmless.**

Rule 37(c) makes clear that supplemental disclosures should not be excluded where any delay in their disclosure was substantially justified or harmless.  Fed. R. Civ. P. 37(c).  As the Sixth Circuit has stated, exclusion of evidence is not appropriate where "there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."  *Bessemer &*

5

*Lake Erie R.R. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010); *see also Thorne v. Steubenville Police Officer*, 463 F. Supp. 2d 760, 770 (S.D. Ohio 2006), *rev'd on other grounds in part sub nom. Thorne v. Lelles*, 243 Fed. Appx. 157 (6th Cir. 2007) (holding that exclusion is "a drastic remedy and should be exercised with caution"). A delay is "'harmless' [if it] involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir.2003) (quoting *Vance v. United States,* No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999)).

In the rare cases in which courts have excluded material under Rule 37(c), the party seeking to introduce the supplemental evidence did so in a manner that fell far short of the diligent efforts to supplement their discovery responses that Defendants undertook here. *See, e.g.*, *SPX Corp. v. Bartec USA, LLC,* 574 F. Supp. 2d 748, 755 (E.D. Mich. 2008) (excluding supplemental interrogatory responses pursuant to Rule 37(c) because the party seeking to introduce the information did not disclose it until months after it had knowledge of it, despite having amended its discovery responses six times between having knowledge of the information and ultimately disclosing it); *Hochstein v. Microsoft Corp.*, 2009 WL 2498481, at *3 (E.D. Mich. 2009) (excluding supplemental discovery which was not disclosed until six months after the discovery cut-off and which "changed the landscape of the case by adding additional claims and theories").

Here, by contrast, as soon as Defendants became aware of the document and its relevance, they promptly sent it to Plaintiff's counsel. Moreover, Defendants did not receive the May 7 Certification from AIG until after they had completed their search for documents responsive to Plaintiff's discovery requests and only eight days before the discovery cutoff. In these

6

circumstances, any arguable delay in Defendants' production of the Certification was substantially justified and, therefore, the document should not be excluded under the plain language of Rule 37(c).

Additionally, any delay in producing the May 7 Certification was harmless because Plaintiff had "sufficient knowledge" of the information contained in the May 7 Certification; indeed, he was on notice of the existence of the Certification itself.  *See Sommer*, 317 F.3d at 692.  As explained in the Background Section, *supra*, prior to producing the May 7 Certification, and before the discovery cut-off, Defendants had discovered and produced documents containing the same "use of funds" information.  *See, e.g.*, Series F Actual Use of Funds (attached as Ex. 1-O to Defs.' Mot. for Summ. J.).  Moreover, Plaintiff was put on notice of the existence of May 7 Certification by the Series F SPA itself.  The publicly-available Series F SPA, a copy of which Defendants produced to Plaintiff during discovery, contains the requirement that AIG account for its use of funds and provide appropriate certifications.  Under these circumstances, any slight delay in producing the May 7 Certification was harmless and thus not subject to Rule 37(c) sanctions.

Indeed, Plaintiff himself must have viewed the May 7 Certification as harmless since he chose not to address it in any way in his Reply in Support of Plaintiff's Motion for Summary Judgment, filed two weeks after Defendants produced the document.  It is also telling that Plaintiff has nowhere alleged – neither in his summary judgment Reply nor in the instant Motion to Strike – that the timing of Defendants' production of the May 7 Certification harmed him in any way.

In short, Plaintiff was on notice of the existence of the May 7 Certification, had actual

7

knowledge of its contents through other documents that Defendants produced, had an opportunity (which he chose not to exercise) to address the substance of the May 7 Certification in his summary judgment Opposition and Reply, and has never alleged, must less demonstrated, that he was harmed by any delay in producing that Certification. Without demonstrated harm, there is no basis for moving to strike the May 7 Certification under Rule 37(c).

**II.     There is no Basis for Excluding the Declaration of John T. Fassl, a Declarant Whom Defendants Will Not Call to Testify at Trial.**

Plaintiff contends that the Fassl Declaration should be stricken from the record because Defendants did not name Fassl on their trial witness list. *See* Pl. Mot. Strike at 4.[3] However, the purpose of Fassl's testimony is to authenticate evidence submitted in opposition to Plaintiff's motion for summary judgment, and Federal Rule of Civil Procedure 56 "does not require that affiants be included in a witness list before their affidavits may be used to support a motion for summary judgment." *See Ryder Auto. Carrier Group, Inc. v. Gen. Teamsters Sales & Serv. & Indus. Union Local No. 654*, 1997 WL 540893, at *3 (6th Cir. 1997) (citing Fed. R. Civ. P. 56). As Defendants have no intention of calling Fassl as a trial witness, but submitted his declaration only to authenticate the May 7 Certification for summary judgment purposes, there is no basis for

---

[3] Plaintiff moves the court to strike both the Section 3.10 certification and the Fassl Declaration, but neither is subject to a motion to strike. *See Fox v. Michigan State Police Dept.*, 173 Fed. Appx. 372, 375 (6th Cir. 2006). In *Fox*, the Sixth Circuit stated that "[e]xhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike." *See id*. In denying a party's motion to strike, the Northern District of Ohio found that rather than striking evidence, a court should disregard evidence it deems inadmissible; "there is no basis in the Federal Rules for [striking it]." *Lombard v. MIC Telecommunications Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (citing *Dawson v. City of Kent,* 682 F. Supp. 920 (N.D.Ohio 1988), *aff'd,* 865 F.2d 257 (6th Cir. 1988)). Inasmuch as Plaintiff asks the Court to strike either the document or the Declaration, his motion should be denied.

Plaintiff's motion to strike his declaration.  Further, contrary to Plaintiff's insinuation, the omission of Fassl from Defendants' trial witness list is fully compliant with the Court's Scheduling Order, which states that the parties must "exchange complete trial witness lists on or before: MAY 3, 2010 . . . . NO WITNESS MAY BE CALLED FOR TRIAL UNLESS THAT WITNESS' NAME AND ADDRESS IS LISTED . . . ." *See* Dckt. No. 19.  Defendants had no obligation to include Fassl's name on Defendants' trial witness list as they do not intend to call Fassl as a witness for trial.

Moreover, just as is the case with respect to supplemental discovery responses, witnesses not disclosed prior to the deadline should not be excluded where the late disclosure was harmless and substantially justified, as the Fassl Declaration certainly is.  *See* Fed. R. Civ. P. 37(c); Argument Section I(B), *supra*.  The Declaration offers testimony on a single, discrete matter: the authentication of the May 7 Certification.  It in no way "changed the landscape of the case by adding additional claims and theories." *See Hochstein*, 2009 WL 2498481, at *3.  Defendants could not have anticipated the need for the Fassl Declaration until becoming aware of the existence of the May 7 Certification while preparing their opposition to Plaintiff's motion for summary judgment.  Accordingly, Defendants were substantially justified in not listing Fassl on their trial witness list.

Furthermore, because Defendants do not intend to call Fassl as a witness as trial, because the testimony in his affidavit is limited to authenticating a single document, and because Plaintiff was on notice of the existence of the Section 3.10 certification requirement in the Series F SPA, Defendants' failure to include Fassl on their trial witness list is harmless.  Defendants have clearly acted in good faith, exclusion of the Fassl Declaration is unwarranted, and Plaintiff's

motion should be denied. *Cf. Ahmed v. L. & W Eng'g Co.*, 2009 WL 2143827, at *5 (E.D. Mich. 2009) (refusing to exclude witnesses added after deadline where trial was not for over a month and a half, there was no evidence of bad faith, and disclosing party was diligent in adding witnesses).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

>Respectfully submitted,
>
>TONY WEST
>Assistant Attorney General
>
>BARBARA L. MCQUADE
>United States Attorney
>
>JOHN R. GRIFFITHS
>Assistant Director, Federal Programs Branch
>
>/s/ Julie Straus
>JOHN R. COLEMAN
>JULIE STRAUS
>Trial Attorneys, U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., N.W., Room 6126
>Washington, D.C. 20530
>Telephone: (202) 514-7857
>Facsimile: (202) 616-8460
>Email: Julie.Straus@usdoj.gov

DATED: July 27, 2010

10

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 27, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Robert J. Muise, David Yerushalmi.

                    */s/ Julie Straus*
                    Julie Straus
                    Trial Attorney, U.S. Department of Justice
                    Civil Division, Federal Programs Branch