UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN J. MURRAY,

               Plaintiff,               CIVIL ACTION NO. 08-cv-15147

      vs.                       DISTRICT LAWRENCE P. ZATKOFF

UNITED STATES              MAGISTRATE JUDGE MONA K. MAJZOUB
DEPARTMENT OF
TREASURY, SECRETARY OF,
et al.,

               Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF ANSWERS AND OBJECTIONS TO REQUESTS FOR ADMISSIONS (DOCKET NO. 48)

      This matter comes before the Court on Plaintiff's Motion To Determine Sufficiency Of Answers And Objections To Requests For Admissions filed on April 12, 2010.  (Docket no. 48).  Defendants filed a response Memorandum In Opposition on April 26, 2010.  (Docket no. 50).  Plaintiff filed a Reply Brief on May 3, 2010.  (Docket no. 52).  This matter was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 49).  The Court dispenses with oral argument on these matters pursuant to E.D. Mich. Local Rule 7.1(f).  (Docket no. 51).  The matter is fully briefed and the motion is ready for ruling.

      Plaintiff brings this motion asking the Court to determine the sufficiency of Defendants' answers to twenty-one of the 182 Requests for Admissions which Plaintiff served on the individual Defendants on February 24, 2010.  (Docket no. 48).  The Court finds Defendants' initial argument in opposition persuasive.  Defendants argue that "the sheer volume of these Requests is

-1-

objectionable" and raise their objection in their response to Requests for Admission dated March 26, 2010. (Docket nos. 50 at p. 2, 50-1 ¶ 6). Defendants provide case law to support the proposition that courts, including this one, have limited parties to 25 requests for admission. *Taylor v. Great Lakes Waste Servs.*, Case No. 06-cv-12312, 2007 WL 422036 at *3 (E.D. Mich. Feb. 2, 2007).

Plaintiff replies that Defendants' argument is "misguided" where "Plaintiff has only sought this Court's intervention on 21 requests for admission." (Docket no. 52). It is Plaintiff's reply that is misguided. Plaintiff's argument would allow a party to circumvent any discovery limitations as long as the Court's intervention was not sought for more than the allowable number of discovery requests.

Rule 36, Fed. R. Civ. P., allows a party to serve on any other party "a written request to admit, . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Unlike Fed. R. Civ. P. 33, which explicitly limits interrogatories to 25, Rule 36 does not contain an explicit limitation. Rule 26(b)(2)(A) provides that the "court may limit the number of requests under Rule 36." Fed. R. Civ. P. 26(b)(2)(A). Pursuant to Rule 26(c)(1), Fed. R. Civ. P., the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the discovery or disclosure." Fed. R. Civ. P. 26(c)(1).

As Defendants point out, case law supports a limitation in instances where the Court has concluded that the number is oppressive and unduly burdensome. As this Court pointed out in *Taylor*, many courts have limited by local rule the number of Requests for Admission to 25. *See Oklahoma ex. rel. Edmondson v. Tyson Foods, Inc.*, 2007 WL 54831 (N.D.Okla. Jan.5, 2007)

(noting local rule limits requests for admission to 25 per party); *Estate of Manship v. United States*, 232 F.R.D. 552 (M.D.La. 2005) (requests for admission limited to 25 per local rule); *Cf. Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, 2007 WL 3171768 at *3 (D. Kan. Oct. 29, 2007) (court declines to limit requests for admission in "multi-defendant complicated anti-trust conspiracy case").

The Court finds that 182 requests for admission is oppressive and unduly burdensome. Fed. R. Civ. P. 26(b)(2)(A), (c)(1). There are only two named Defendants in this action and one Plaintiff and the issues, while notably important, are fairly succinct. The Court does not find good cause to impose the burden of the excessive number of requests on Defendants. Subtracting the twenty-one requests at issue in Plaintiff's motion from the 182 requests, Plaintiff does not challenge the sufficiency of Defendants' responses to 161 Requests for Admission and has been afforded ample and broad discovery for the issues[1].

Both Plaintiff and Defendants point out that many of Plaintiff's Requests for Admission track Plaintiffs' First Amended Complaint. (Docket no. 48 n.2). For example, Request for Admission No. 167 relates to First Amended Complaint ¶ 95 regarding "purification" of a Shariah-compliant investment. (Docket nos. 45, 50-1). Defendants argue that "it is improper for a plaintiff to 're-serve

---

[1]It is worth noting that Defendants provided with their Response Brief a copy of Plaintiff's 182 requests for admission and Defendants' responses. A review of the Requests themselves reveals such non-complying Requests for Admission as No. 133: "The Quran is considered by Islam to be the perfect expression of Allah's will for man." Request Nos. 133-153, 155, 156, 158 and 160-69 continue the barrage of requests asking Defendants to admit or deny the words, subjects and beliefs of the Quran, Islam, Sunna-stories of Mohammed's life, tenants of Shariah and explanations of Islamic law by scholars and non-parties to this action. The Court fails to see how these Requests fall within the purview of Fed. R. Civ. P. 26(b)(1) or 36(a)(1). The Court can only surmise that Defendants found it more efficient to serve responses and objections to these requests than to bring this to the attention of the Court by filing a motion for protective order.

-3-

the complaint in the form of a request for admissions' in order to require a defendant to admit or deny nearly every paragraph of a complaint a defendant has already answered.'" 7 MOORE'S FED. PRACTICE § 36.10[7] (3d ed. 2009) (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002)).  While the Court finds that this may well be another basis on which to deny Plaintiff's motion, the Court need not reach this analysis where Plaintiff's 182 Requests for Admission are unduly burdensome and oppressive.

The Court will deny Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Determine Sufficiency Of Answers And Objections To Requests For Admissions (docket no. 48) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 1, 2010            s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 1, 2010                s/ Lisa C. Bartlett
                                        Case Manager